**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | | |
|---|---|---|
| **STEPHEN W. BROWN, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** <u>3:23CV-139-CHB</u> |
| | ) | |
| **COMENITY BANK** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Comenity Capital Bank ("Comenity" or "Defendant"), incorrectly identified in the Complaint as "Comenity Bank," appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, gives notice of the removal of this action from the Larue Circuit Court, Larue County, Kentucky, to the United States District Court for the Western District of Kentucky, Louisville Division. As grounds in support of this removal, Defendant states as follows:

### I. INTRODUCTION

1.    Plaintiff Stephen W. Brown, Jr. ("Plaintiff") commenced this action by filing a complaint against Defendant, and others, in the Larue Circuit Court, Larue County, Kentucky, Case No. 23-CI-00033 on or about February 22, 2023.

2.    Plaintiff's complaint asserts claims against Defendant relating to Defendant's alleged failure to reasonably investigate Plaintiff's credit reporting dispute, and Defendant's

alleged false reporting of Plaintiff's credit accounts to certain consumer reporting agencies ("CRA"). (*See generally* Compl.). Plaintiff also alleges that the other named defendants committed the same violations. (*Id.*)

3.    Based on these allegations, Plaintiff purports to assert a federal claim against Defendant under the Fair Credit Reporting Act ("FCRA"). (*Id.*).

4.    This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present. Section 1441 provides, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

## II. <u>FEDERAL QUESTION JURISDICTION</u>

5.    Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

6.    This is a civil action arising under the Constitution, laws, or treaties of the United States, because Plaintiff asserts claims against Defendants based upon an alleged violation of the FCRA, which is a federal consumer protection statute. (*See* Compl.; *see also* 15 U.S.C. §§ 1681 *et seq.*) Accordingly, Plaintiffs' FCRA claim arises under the laws of the United States and could have been originally filed in this Court.

## III. <u>ADOPTION AND RESERVATION OF DEFENSES</u>

7.    Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of Defendant's rights to assert any defense or affirmative matter,

including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Rule 12 of the Federal Rules of Civil Procedure, any state or federal statute, or otherwise.

## IV. <u>PROCEDURAL REQUIREMENTS</u>

8.    This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

9.    True, correct, and certified copies of "all process, pleadings, and orders" are attached hereto as **Exhibit A** in conformity with 28 U.S.C. § 1446(a).  There are no other process, pleadings, or orders served upon Defendant to date in this case.

10.    Defendant has obtained consent to the removal of this action from all named defendants. Consents to removal from defendants Abound Federal Credit Union, Equifax Information Services, LLC, Trans Union, LLC, and Experian Information Solutions, Inc. are attached hereto as **Exhibits B** through **E**. Thus, all properly served Defendants join in this removal.

11.    This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

12.    Defendant has heretofore sought no similar relief.

13.    The United States District Court for the Western District of Kentucky, Louisville Division, is the court and division embracing the place where this action is pending in state court.

14.    Contemporaneously with the filing of this notice of removal, Defendant has filed a copy of same with the clerk of the Larue Circuit Court, Larue County, Kentucky and a notice

of filing notice of removal.  Written notice of the filing of this notice of removal has also been served upon the Plaintiff.

15.    Defendant reserves the right to supplement this notice of removal by adding any jurisdictional defenses that may independently support a basis for removal.

**WHEREFORE**, Defendant Comenity Capital Bank prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Larue Circuit Court, Larue County, Kentucky, to the United States District Court for the Western District of Kentucky, Louisville Division.

Respectfully submitted this the 22nd day of March, 2023.

/s/ Reid S. Manley
Reid S. Manley
Kentucky Bar No. 90360
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
rmanley@burr.com

Attorney for Defendant
COMENITY CAPITAL BANK

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document has been served on the following by Electronic Filing, and/or by U.S. First Class Mail, hand delivery, fax or email on this 22nd day of March, 2023:

David W. Hemminger
Hemminger Law Office, P.S.C.
331 Townepark Circle, Suite 100-C
Louisville, KY 40243
P: (502) 443-1060
E: hemmingerlawoffice@gmail.com

Christopher P. Farris
Billings Law Firm, PLLC
145 Constitution Street
Lexington, KY 40507
Telephone: (859) 225-5240
Email: cpfarris@blfky.com

Ambrose O'Bryan
Skeeters, Bennett, Wilson & Humphrey
550 W. Lincoln Trail Blvd.
Radcliff, KY 40160
P: (270) 351-4404
F: (270) 352-4626
E: abe.obryan@sbwhlaw.com

John M. Williams
WILLIAMS KILPATRICK, PLLC
3151 Beaumont Centre Circle, Suite 375
Lexington, KY 40513
Phone: (859) 245-1059
Fax:  (859) 245-1231
williams@wktlaw.com

*/s/ Reid S. Manley*
OF COUNSEL